IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:19cv416-MHT |
| | ) | (WO) |
| U.S. ATTORNEY GENERAL, | ) | |
| CURRENT AND FUTURE, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION

Plaintiff, an inmate in a county jail, filed this petition for a writ of mandamus. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without prejudice under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), for failure to pay the required filing and administrative fees upon initiation of the case. Also before the court are plaintiff's objections to the recommendation. After an independent and de novo review of the record, the court concludes that

plaintiff's objections should be overruled* and the magistrate judge's recommendation adopted.

An appropriate judgment will be entered.

DONE, this the 31st day of July, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

* Plaintiff maintains the "three strikes" provision does not apply to him as a civilly committed incompetent person. Plaintiff, however, is an inmate incarcerated at the Sumter County Jail in Americus, Georgia, apparently serving time on several criminal convictions. The Georgia Department of Corrections identifies plaintiff as an inmate in their system with a possible current release date of July 2021. There is no indication the provisions of the Prison Litigation Reform Act do not apply to plaintiff's current status as an incarcerated prisoner.

Additionally, the case plaintiff references as ruling him incompetent, *United States v. Cobble*, 5:15-cv-77-CDL (M.D. Ga.), does not support his contention. The court in that case determined in August 2016 that plaintiff was incompetent to stand trial at that time. He was thereafter sent to the Federal Medical Center-Butner in July 2017 for evaluation. The results of that psychiatric evaluation indicated he was competent to stand trial. The District Court held another competency hearing in July 2018 and found plaintiff competent to stand trial. *Id.* (doc. no. 571). Currently, the case is before the Eleventh Circuit regarding plaintiff's appeal of the District Court's order revoking his ability to conduct pre-trial matters pro se.